NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

AUG 3 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10100 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00008-RVM-1 |
| v. | |
| QIONG LU PUA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief Judge, Presiding

Submitted June 16, 2017[**]
Honolulu, Hawaii

Before:  FISHER, PAEZ and NGUYEN, Circuit Judges.

Qiong Lu Pua appeals a jury conviction for conspiring to arrange the

fraudulent marriages of Norma Nekaifes and Benigno Mettao, both United States

citizens, respectively to Pua's brother (Zhenqing Lu) and friend (Baoqin Ding),

both immigrants from China.  Mettao and Nekaifes testified against Pua.  On

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal, Pua makes four arguments: (1) the government introduced insufficient evidence at trial from which to procure a guilty verdict; (2) the base offense level should have been set by U.S.S.G. § 2L2.2, not § 2L2.1; (3) if § 2L2.1 was applied, she should have received a three-level reduction because the offense was not for profit; and (4) the district court abused its discretion by applying a four-level enhancement because insufficient evidence supported a conclusion that she played a leadership role in the conspiracy. We affirm.

*First*, sufficient evidence supported the jury's guilty verdict. Although accomplice testimony is inherently suspect, *see United States v. Bernard*, 625 F.2d 854, 857 (9th Cir. 1980), that does not mean a jury may not rely on it, especially when corroborating evidence is offered to support such testimony. Here, even without Nekaifes' and Mettao's testimony, Pua's significant participation in both weddings and the circumstances surrounding each was highly suspect. A rational jury could therefore believe Nekaifes and Mettao despite their admitted past perjury.

*Second*, the district court did not abuse its discretion by sentencing Pua under U.S.S.G. § 2L2.1. Sentencing courts are given discretion to "determine which of the referenced guideline sections is most appropriate for the offense conduct charged in the count of which the defendant was convicted." U.S.S.G.

2

§ 1B1.2 cmt. n.1. The district court chose the appropriate guideline that fit *Pua's* conduct, as opposed to some of her co-conspirators' conduct.

*Third*, after reviewing the evidence submitted during the sentencing hearing, the district court concluded Pua "did, in fact, make a statement to law enforcement that she did receive money" for aiding in the conspiracy. This finding was supported by the record and was not clearly erroneous. In light of this factual finding, we need not consider which, if any, of the parties' interpretations of the guidelines' commentary is correct. The district court did not abuse its discretion by denying a three-level reduction under U.S.S.G. § 2L2.1(b)(1).

*Fourth*, the district court did not abuse its discretion by applying a four-level increase for Pua's role as a leader of the conspiracy under U.S.S.G. § 3B1.1(a). As the district court outlined in detail, Pua was the "common connection between all the conspirators in this case." The district court properly relied, in part, on Nekaifes' and Mettao's testimony to reach this conclusion. To most reasonable observers, Pua's undisputed participation in admittedly fraudulent marriages would be highly indicative of guilt. The district court neither clearly erred by concluding she was a leader in the conspiracy, nor abused its discretion in applying the adjustment.

**AFFIRMED.**